**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HERITAGE FOUNDATION, *et al.*,<br><br>                    Plaintiffs,<br>  v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE,<br><br><br>            Defendant. | Case No. 1:23-cv-1854-DLF |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE A REPLY BRIEF AND ADDITIONAL DECLARATIONS

Plaintiffs in this Freedom of Information Act ("FOIA") suit filed an emergency motion for preliminary injunction. Such emergency motions are carefully regulated by rule in order to ensure they are brought only when appropriate, and that the Court can adjudicate the motion within the time proscribed for emergency motions. For the reasons that follow, no good cause exists to deviate from the rules governing preliminary injunction motions, and the Court should therefore deny Plaintiffs' motions to file additional briefing and declarations.

1. Local Civil Rule 65.1(c) provides that "[t]he application [for preliminary injunction] shall be supported by all declarations on which the plaintiff intends to rely. . . . Supplemental affidavits either to the application or the opposition may be filed only with permission of the Court." *See* Local Rule 65.1(c). The rule does not provide for a reply brief. Plaintiffs now seek, via two separate motions (ECF Nos. 14, 15), leave to file an over-length reply brief and three declarations with exhibits: (1) a declaration from Plaintiffs' counsel attaching letters from Mr. Weiss to Congress; (2) a declaration from Plaintiff Howell, offering "clarity" on the Heritage Foundation's "assertions of informational injury"; and (3) two "expert" declarations describing "how Congressional investigations actually work." Plaintiffs' only

1

justifications for deviating from the ordinary rule are to rebut "misstatements" in Defendant's

opposition brief, and that "Defendant will not be prejudiced," because a week remains before the

hearing. But neither rationale establishes good cause.  Because the proposed submissions are

irrelevant to the issues pending before the Court, Plaintiffs' motions for leave to file them should

be denied.

       2.       Plaintiffs first seek a reply brief  (ECF No. 15), to which they contend they are

entitled, presumably because they want to have the last word.  But the fact that LCvR 65.1(c) is

"silent" on the issue of a reply brief is reason to deny Plaintiffs' motion, not grant it.  As

Plaintiffs point out, Rule 7 provides for a reply brief.  *See* LCvR 7(d). The Rules' drafters could

have done the same in Rule 65.1(c) but did not.  And that makes sense: the rule on preliminary

injunctions purposely differs from the ordinary motions rule because the time to brief and hear a

preliminary injunction motion is significantly compressed.  *See* LCvR 65.1(c), (d) (shortening

the time to file an opposition brief to seven days and requiring a hearing 21 days from the filing

of the application).  Nor is there a need for a reply brief in this case.  To the extent Plaintiffs

desire to respond to Defendant's opposition brief, they will have that opportunity at the

forthcoming hearing, already scheduled for July 20.[1]

       3.       Plaintiffs next seek leave to file a declaration from Plaintiffs' counsel, in order to

put before the Court correspondence that the U.S. Attorney for the District of Delaware, David

Weiss, sent to Congress.  Plaintiffs contend the letters are "essential to the resolution of this

matter" but that is the full extent of their explanation.  Regardless of Plaintiffs' view of Mr.

Weiss and his statements to Congress, however, correspondence from Mr. Weiss is irrelevant to

---

[1] Under Plaintiffs' theory that Local Rule 7 governs, Plaintiffs' proposed filing is over-length. Plaintiffs' motion for leave merely announces that fact rather than establishes good cause to exceed the proscribed page limitations.  Under Plaintiffs' chosen rule, documents that fail to comply with the page limitations "shall not be filed by the Clerk."  Local Rule 7(e).

a FOIA request that has already been granted expedition.  Nor do Plaintiffs suggest any relevance between the correspondence and any issue raised in their emergency motion for preliminary injunction, such as the utility of the requested records and whether their value will be significantly lessened or lost if produced after the requested date.  *N. Y. Times Co. v. Def. Health Agency*, 2021 WL 1614817 *8, (D.D.C. Apr. 25, 2021).  Plaintiffs bear the burden of establishing good cause for submitting the correspondence, and their motion does not.  It merely claims they are "essential."

4.      Plaintiffs contend that the Court should also consider additional news coverage of the underlying subject of the FOIA request.  Again, Plaintiffs contend this news coverage is "essential to the resolution of this matter" with no further explanation.  But such coverage is not relevant.  The public interest (as evidenced through media attention) was relevant only to EOUSA's determination of whether the FOIA request met the requirements for expedited treatment.  Additional news coverage does not merit "extra expedited" processing of Plaintiffs' request. Because EOUSA granted expedition, the news coverage of Mr. Biden's criminal case is no longer relevant to the processing of the FOIA request; Plaintiffs' FOIA request is being expedited and processed, along with 14 other earlier-filed expedited requests equally deserving of EOUSA's resources.  Accordingly, no good cause exists to permit the declaration and its exhibits.

5.      Declarations on "how congressional investigations work" are also irrelevant to the issues before the Court.  Plaintiffs contend that Defendant's opposition made "incorrect" "factual statements" about congressional investigations.  That itself is not correct. Plaintiffs are not objecting to statements in Defendant's briefing about congressional investigations generally; they are taking issue with Defendant's characterizations of *Plaintiffs'* own allegations about the

ongoing congressional investigations.[2]  But Plaintiffs have already attested to the ongoing

congressional oversight into this matter, Mem. in Supp. of Mot. for Prelim. Inj. 20–26, ECF No.

6-1, establishing that the records they seek in fact will *not* lose utility if produced after July 26.

*See New York Times Company*, *supra* at *9 (denying preliminary injunction and finding that

delay in production would not cause irreparable harm when congressional oversight of COVID-

19 vaccines was ongoing).  Self-styled "expert" testimony on the inner workings of

congressional investigations is not relevant to question of whether public interest in Mr. Weiss

and his investigation will continue beyond July 26.  Plaintiffs freely concede that it will.

6.       Finally, Plaintiffs seek to introduce a declaration explaining Plaintiffs' intention

to seek amicus participation in Mr. Biden's criminal case.  But such testimony is also wholly

irrelevant to this proceeding.  A professed need for documents for use in another civil or criminal

cannot support a preliminary injunction or any other special treatment under FOIA.  *See, e.g.*,

*Mitsubishi Electric Corp., et al. v. U.S. Dept. of Justice, et al.,* 1976 WL 1310 *6 (Sept. 10,

1976) (D.D.C.) (denying preliminary injunctive relief because plaintiffs' "involvement in

collateral litigation by virtue of which they claim an interest in the materials sought . . . neither

enhances nor diminishes their rights under the Act.")   That is because FOIA is "'fundamentally

designed to inform the public about agency action rather' rather than to 'benefit private litigants'

or to serve as a 'tool of discovery.'" *Id*., quoting *Nat'l Labor Rel. Bd. v. Sears, Roebuck & Co*.,

421 U.S. 132, 143 n.10 (1975).  *See also Nat'l Labor Rel. Bd. v. Robbins Tire & Rubber Co.,* 437

U.S. 214, 242 n. 23, 98 (1978) (stating that a person's rights under FOIA are neither diminished

nor enhanced by his "litigation-generated need" for agency documents); *North v. Walsh*, 881

---

[2] Plaintiffs take issue with the following sentences in Defendant's brief: "Plaintiffs point to no specific date or even a date-driven process in Congress that creates a looming moment at which the records they seek will lose utility," Opp'n 2; "These oversight proceedings are ongoing, and Plaintiffs point to nothing to suggest that those proceedings are nearing an end," *id.* at 14.

F.2d 1088, 1096 (D.C. Cir. 1989) (finding that Oliver North's "need or intended use of the documents is irrelevant to his FOIA action"); *Clay v. U.S. Dep't of Justice*, 680 F. Supp. 2d 239, 248 (D.D.C. 2010) (stating that "[b]ecause the FOIA is concerned only with the disclosure of agency records, the requester's identity and purpose of the disclosure are generally immaterial"). Thus, any declaration that seeks to justify a preliminary injunction based on Plaintiffs' desire to participate in collateral litigation is by definition irrelevant and should be rejected.

7.      Because  Plaintiffs' proposed submissions are not legally relevant to the issues before the Court, Plaintiffs cannot establish good cause to depart from the ordinary rules governing preliminary injunctions.  The Court should therefore deny Plaintiffs' Motions for leave to file a reply brief and additional declarations, in their entirety.

Dated:  July 14, 2023                                     Respectfully submitted,


                                                          BRIAN M. BOYNTON
                                                          Principal Deputy Assistant Attorney General


                                                          /s/      *Elizabeth J. Shapiro*
                                                          ELIZABETH J. SHAPIRO (D.C. BAR NO. 418925)
                                                          JASON C. LYNCH (D.C. Bar No. 1016319)
                                                          Attorneys
                                                          U.S. Department of Justice, Civil Division
                                                          1100 L Street, NW
                                                          Washington, DC 20005
                                                          Telephone: (202) 514-5302
                                                          Email: Elizabeth.Shapiro@usdoj.gov

                                                          *Counsel for Defendants*