IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HERITAGE FOUNDATION & MIKE HOWELL </br></br> *Plaintiffs*, </br></br> v. </br></br> U.S. DEPARTMENT OF JUSTICE </br></br> *Defendant*. | Case No. 23-cv-1854 (DLF) |

### REPLY IN SUPPORT OF MOTIONS FOR LEAVE TO FILE REPLY MEMORANDUM AND REPLY DECLARATIONS

Plaintiffs' Motions (ECF Nos. 14 & 15) should be granted, and nothing in Defendant's Opposition (ECF No. 16) ("Opp.") changes that fact. But several statements in the Opposition require specific response. Plaintiffs do so by numbered paragraphs corresponding to the numbered paragraphs in the Opposition.

1. Defendant argues the Motions should be denied because they "are irrelevant to the issues pending before the Court." Opp. at 1. But that argument seeks to pretermit a *merits* dispute. Given that the hearing is not until July 20, 2023, there is no prejudice to Defendant. Plaintiffs seek to present a reply brief and declarations they view as helpful in resolving the dispute on an expedited timeline. Plaintiffs' filings address not only Defendant's arguments, but also address new (and in Plaintiffs' view) critically important events that occurred *after* Plaintiffs filed their opening brief.

2. Nothing remains to be said on the interplay of Local Civil Rule 65.1(c) ("LCvR") versus LCvR 7(d). But it is a bit rich for Defendant to rest an argument on the "significantly

1

compressed" timeframe under LCvR 65.1 when Defendant sought and obtained an extension of time under that rule.  *See* ECF No. 8; Minute Order (June 30, 2023).  (A motion that Plaintiffs only opposed in part having consented to an extension and having offered a further extension had Defendant taken steps entirely in its control to mitigate the exigency.  *See* ECF No. 7 at ¶ 17–19).

   3 & 4. Defendant's submission seeks to resolve in a motion for leave what appears to be a merits dispute.  Defendant apparently argues that statements made under pain of felony by a United States Attorney—directly contradicting himself, the Attorney General of the United States, and two IRS Whistleblowers on matters of paramount public importance—are entirely irrelevant.  Plaintiffs disagree.  That merely proves Plaintiffs' position on the merits that any responsive non-exempt records should be disclosed in advance of the July 26 Robert Hunter Biden plea hearing.  David Weiss's additional letters to Congress and related news articles will aid the Court in resolving this merits conflict.  They were not available to Plaintiffs in their opening papers.  There is no prejudice to Defendant as they are the Department's own records or public news articles.

   5. Again, Defendant seeks to litigate here merits arguments over whether Plaintiffs have an urgent need for the records sought.  Regardless of why Defendant made its factual statements in its Opposition, Plaintiffs submit they were made and do not reflect the reality of Congressional investigations.  Again, the Reply Declarations would simply aid the Court in resolving these issues.  There is no prejudice—Plaintiffs have already consented to Defendant's replying if it believes Plaintiffs' experts are wrong.

   6. Plaintiffs' participation in Hunter Biden's case is relevant because, in an underdeveloped argument, Defendant appeared to suggest that ambiguity on whether Plaintiffs

2

would participate undermined their standing or showing of irreparable harm (not entitlement to expedition). Plaintiffs simply sought to clarify the facts in hopes of pretermitting Defendant's submission on that point to aid the Court in efficiently resolving the merits. As to Defendant's proposition that "a professed need for documents for use in another civil or criminal [case] cannot support a preliminary injunction or any other special treatment under FOIA," (Opp. at 4) it is the *Defendant* that seeks to introduce a new merits argument. Plaintiffs could object, but do not. In Plaintiffs' view, anything that aids the Court in fully resolving this important issue in a timely manner is a good thing.

In light of the foregoing, pursuant to LCvR 7(d) and the Court's inherent authority, this Court should grant Plaintiffs' Motions.

Dated: July 14, 2023

Respectfully submitted,

/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone: (703) 261-4194
Email: samueledewey@sedchambers.com

DANIEL D. MAULER
(No. 977757)
The Heritage Foundation
Telephone: (202) 617-6975
Email: Dan.Mauler@heritage.org

ERIC NEAL CORNETT
(No. 1660201)
Law Office of Eric Neal Cornett
Telephone: (606) 275-0978
Email: neal@cornettlegal.com

ROMAN JANKOWSKI
(No. 975348)
The Heritage Foundation
Telephone: (202) 489-2969
Email: Roman.Jankowski@heritage.org

*Counsel for Plaintiffs*