IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Case No. 1:23-cv-1854-DLF |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant hereby answers the Complaint (ECF No. 1) filed by Plaintiffs The Heritage Foundation and Mike Lowell as follows, in correspondingly numbered paragraphs:

1. Defendant admits that this action was brought under the Freedom of Information Act, 5 U.S.C. § 552, and that Plaintiffs' March 10, 2023, request was numbered EOUSA-2023-001623. The balance of this paragraph comprises Plaintiffs' characterizations of their action, to which no response is required.

2. Defendant respectfully refers the Court to the cited materials for a full and accurate statement of their contents. The balance of this paragraph comprises Plaintiffs' characterizations and opinions, to which no response is required, and on that basis denied.

3. This paragraph sets forth Plaintiffs' characterizations and opinions, to which no response is required. To the extent that the paragraph alleges facts, those facts are not in support of any claim to which an answer is required, and on that basis denied.

4. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and on that basis denied.

5. This paragraph sets forth Plaintiffs' characterizations and opinions, to which no response is required. To the extent that a response is deemed required, denied.

1

6. This paragraph sets forth Plaintiffs' characterizations and opinions, to which no response is required. To the extent that the paragraph alleges facts, those facts are not in support of any claim to which an answer is required, and on that basis denied.

7. This paragraph sets forth Plaintiffs' characterizations and opinions, to which no response is required. To the extent that a response is deemed required, denied.

8. Defendant respectfully refers the Court to the cited materials for a full and accurate statement of their contents. The balance of this paragraph comprises Plaintiffs' characterizations and opinions, to which no response is required. To the extent that a response is deemed required, denied.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. Defendant admits that it is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). With respect to the remainder of this paragraph, Defendant respectfully refers the Court to the cited materials for a full and accurate statement of their contents.

12. This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

13. This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.

14. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited materials for a full and accurate statement of their contents.

15. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited materials for a full and accurate statement of their contents.

16. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited materials for a full and accurate statement of their contents.

17. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited materials for a full and accurate statement of their contents.

18. This paragraph consists of Plaintiffs' characterization of the cited materials, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited materials for a full and accurate statement of their contents.

19. This paragraph consists of Plaintiffs' characterization of the cited materials, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited materials for a full and accurate statement of their contents.

20. This paragraph consists of Plaintiffs' characterization of the cited materials, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited materials for a full and accurate statement of their contents.

21. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited materials for a full and accurate statement of their contents.

22. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

23. This paragraph consists of Plaintiffs' characterization of the cited material, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

24. This paragraph consists of Plaintiffs' characterization of the cited material, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

25. This paragraph consists of Plaintiffs' characterization of the cited material, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

26. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

27. This paragraph consists of Plaintiffs' characterization of the cited material, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

28. This paragraph consists of Plaintiffs' characterization of the cited material, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

29. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

30. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

31. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

32. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

33. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

34. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

35. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

36. Defendant admits that Plaintiffs submitted their FOIA request on March 10, 2023. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents.

37. Defendant admits that Plaintiffs sought expedited processing under 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e)(1)(iv). Defendant respectfully refers the Court to the request and its appendices for a full and accurate statement of their contents.

38. Defendant admits that Plaintiffs offered a summary of their rationale for expedited processing. Defendant respectfully refers the Court to Plaintiffs' request for a full and accurate statement of its contents.

39. Defendant admits that Plaintiffs sought a fee waiver. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents.

40. Defendant admits that the Department's Office of Information and Policy ("OIP") provided an initial response on March 16, 2023. Plaintiffs' characterization of that response requires no response. To the extent that a response is deemed required, Defendant respectfully refers the Court to the response for a full and accurate statement of its contents.

41. Defendant admits that the Department's Criminal Division provided an acknowledgment letter on March 21, 2023. Plaintiffs' characterization of that letter requires no response. To the extent that a response is deemed required, Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents.

42. Defendant admits that the Department's Executive Office of United States Attorneys ("EOUSA") provided an acknowledgment letter on March 23, 2023. Plaintiffs' characterization of that letter requires no response. To the extent that a response is deemed required, Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents.

43. Defendant admits that the Department granted expedited processing by letter dated March 27, 2023. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents.

44. Admitted.

45. Defendant admits that more than 30 days elapsed between Defendant's receiving Plaintiffs' request and Plaintiffs' filing suit.

46. Defendant admits that, as of June 26, 2023, the Department had granted expedited processing but not yet produced any records responsive to the request. Defendant also admits that, as of that date, it had not yet responded to Plaintiffs' request for fee waiver.

47. This paragraph consists of Plaintiffs' characterization of the cited material, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

48–105. The allegations in these paragraphs do not set forth claims for relief or aver facts in support of any claim to which an answer is required, and on that basis denied. These paragraphs also contain Plaintiffs' characterizations of the cited materials, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited materials for a full and accurate statement of their contents.

106. Defendants re-state the answers set forth above as if fully set out herein.

107. This paragraph consists of Plaintiffs' characterizations of the cited material, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

108. Defendant admits that Plaintiffs submitted a FOIA request to Defendant. The balance of this paragraph consists of Plaintiffs opinions or legal conclusions, to which no response is required.

109. Defendant admits that it is a federal agency subject to FOIA. The balance of this paragraph consists of Plaintiffs opinions or legal conclusions, to which no response is required.

110. Denied.

111. Denied.

112. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

113. Denied.

114. Denied.

115. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

116. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

117. Defendants re-state the answers set forth above as if fully set out herein.

118. This paragraph consists of Plaintiffs' characterizations of the cited material, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

119. Defendant admits that Plaintiffs submitted a FOIA request to Defendant. The balance of this paragraph consists of Plaintiffs opinions or legal conclusions, to which no response is required.

120. Defendant admits that it is a federal agency subject to FOIA. The balance of this paragraph consists of Plaintiffs opinions or legal conclusions, to which no response is required.

121. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

122. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

123. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

124. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

125. Denied.

126. Denied.

127. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

128. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

129. Defendants re-state the answers set forth above as if fully set out herein.

130. This paragraph consists of Plaintiffs' characterizations of the cited material, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

131. Admit.

132. Defendant denies that it has failed to process Plaintiffs' request in an expedited manner. Defendant admits that it did not indicate, in its March 27, 2023, letter, when it would provide all responsive, non-exempt records. Defendant admits that it has not yet released any such records.

133. Denied.

134. Denied.

135. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

136. Denied.

137. Denied.

138. Denied.

139. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

140. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

141. Defendants re-state the answers set forth above as if fully set out herein.

142. This paragraph consists of Plaintiffs' characterizations of the cited material, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

143. Defendant admits that Plaintiffs submitted a FOIA request to Defendant. The balance of this paragraph consists of Plaintiffs opinions or legal conclusions, to which no response is required.

144. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

145. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

146. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

147. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

148.	This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

149.	This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

150.	Denied.

151.	Denied.

152.	This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

153.	This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

154.	Defendants re-state the answers set forth above as if fully set out herein.

155.	This paragraph consists of Plaintiffs' characterizations of the cited material, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

156.	Defendant admits that Plaintiffs submitted a FOIA request to Defendant. The balance of this paragraph consists of Plaintiffs opinions or legal conclusions, to which no response is required.

157.	This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

158.	This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

159.	This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

148.	This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

149.	This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

150.	Denied.

151.	Denied.

152.	This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

153.	This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

154.	Defendants re-state the answers set forth above as if fully set out herein.

155.	This paragraph consists of Plaintiffs' characterizations of the cited material, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited material for a full and accurate statement of its contents.

156.	Defendant admits that Plaintiffs submitted a FOIA request to Defendant. The balance of this paragraph consists of Plaintiffs opinions or legal conclusions, to which no response is required.

157.	This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

158.	This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

159.	This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

160. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

161. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

162. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

163. Denied.

164. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

165. This paragraph consists of Plaintiffs' legal conclusion, to which no response is required.

\* \* \*

The remaining paragraphs of the Complaint contain Plaintiffs' requested relief, to which no response is required. To the extent that a response is deemed required, Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief. Defendants also deny all allegations in the Complaint not expressly admitted or denied.

## DEFENSE

Some or all of the requested records may be exempt from disclosure. *See* 5 U.S.C. § 552(b).

Dated:  July 27, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ *Jason C. Lynch*
JASON C. LYNCH (D.C. Bar No. 1016319)
Trial Attorney

Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 514-1359
Email: Jason.Lynch@usdoj.gov

*Counsel for Defendant*