# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION, *et al.*,<br><br>            Plaintiffs,<br>      v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>            Defendant. | Case No. 1:23-cv-1854-DLF |

## DEFENDANT'S RESPONSE THE COURT'S MARCH 26, 2024 ORDER

The Court gave the Parties until April 8, 2024, to file briefs (not to exceed five pages) in response to the exhibits filed by Plaintiffs on March 25, 2024, *see* ECF Nos. 45-1–4. Nothing in Plaintiffs' supplemental filing should change the Court's initial take on the Parties' cross motions for summary judgment, as expressed at the March 11, 2024 hearing. The Court should enter partial summary judgment to Defendant on the adequacy of the agency's search.

1

On March 11, 2024, the Court held a hearing on the Parties' cross motions for summary judgment on the agency's search. The Court expressed deep skepticism of Plaintiffs' position, both as a matter of law and as a matter of fact. On the law, Plaintiffs admitted (having been pressed by the Court) that there was no precedent for their argument that a Freedom of Information Act ("FOIA") plaintiff can overcome the presumption of good faith merely by raising "substantial questions" about a custodian's trustworthiness. And the Court rightly characterized this as a "step two" case—that is, a situation in which the burden has shifted to Plaintiffs to overcome the presumption. On the facts, the Court found that Plaintiffs had not carried that burden. There was not the "smoking gun" that Plaintiffs had promised. Instead, they had merely cited disagreements between prosecutors and case agents over how the Hunter Biden investigation should proceed. The Court suggested (correctly) that that was not enough. Finally, the Court agreed with the Department that Plaintiffs should not be allowed to rely on partial quotes from witness interviews without attaching the complete transcripts.

Despite these well-founded criticisms of Plaintiffs' position, the Court gave them an opportunity to cure the evidentiary defects in their motion with supplemental affidavits or transcripts. *See* Minute Order (Mar. 11, 2024) ("On or before March 25, 2024, the parties shall inform the Court if they intend to introduce any additional affidavits and/or transcripts in support of their motions."). Plaintiffs responded by attaching transcripts that were attached to a recent complaint filed by the House Judiciary Committee. *See generally* Compl., *Comm. on the Judiciary of the U.S. House of Reps. v. Daly*, No. 1:24-cv-815 (D.D.C. Mar. 21, 2024), ECF No. 1. But instead of offering supplemental argument based on those transcripts, Plaintiffs merely attached the exhibits *en masse* and proposed that any substantive response follow in two weeks. *See* Pls.

2

Resp. to Ct. Order (Mar. 25, 2024), ECF No. 45.[1] They proposed that Defendant's response be due the same day. *Id.*

These simultaneous briefs deny Defendant an opportunity to respond to Plaintiffs' arguments—which Defendant would have had if those argument had been made in Plaintiffs' cross motion. Instead, the Department is asked to pore over 2,739 pages of exhibits, anticipate what Plaintiffs might argue, and respond preemptively. That upends the typical summary-judgment process, particularly where the burden has already shifted to Plaintiffs. Nevertheless, without the benefit of reviewing Plaintiffs' filing, the Department would make four points:

*First*, the Department is not in a position to verify the accuracy of the transcripts or other exhibits filed by the House—and neither, for that matter, are Plaintiffs.

*Second*, the transcripts confirm that the December 5, 2023 Interim Staff Report (attached as Exhibit 2 to Plaintiffs' cross motion, ECF No. 36-3) did not quote Mr. Weiss' complete testimony. *Compare id.* at 45 (truncated quote) *with* ECF No. 45-2 at 747–48 (full testimony). Defendant will not repeat its arguments on this score. *See* Def. Reply & Opp'n 20–21. The Court noted this discrepancy at the March 11 hearing.

*Third*, the transcripts also corroborate other points for which the Department previously had to rely on news-media coverage to address Plaintiffs' characterizations. *See generally id.* at 21 n.14; *see, e.g.*, ECF No. 45-2 at 207 (Special Agent testified that Mr. Weiss had "never been denied the authority to bring charges in any jurisdiction"); ECF No. 45-2 at 381 (Matthew Graves, U.S.

---

[1] Notably, Plaintiffs do not appear to have made any effort to winnow down the House's exhibits to material that might have some relevance to this FOIA case. Thus, for example, Plaintiffs attached hundreds of pages of subpoenas, emails, and letters that are outside the scope of the Court's March 11, 2024 order. *See, e.g.*, ECF No. 45-1 at 2–7 (subpoenas); ECF No. 45-2 at 791–93 (emails between House and DOJ officials re scheduling); *id.* at 794–96 (letter to Chairman Jordan from one witness' private counsel). Plaintiffs also included news articles (ECF No. 45-1 at 565 through ECF No. 45-2 at 9); publicly-available rules and resolutions of the House of Representatives (ECF No. 45-2 at 892 through ECF No. 45-3 at 938); and the 78-page Interim Staff Report that Plaintiffs had already attached to their motion (ECF No. 45-1 at 467–545).

3

Attorney for the District of Columbia, addressed whistleblower claims that he blocked Mr. Weiss from bringing charges in D.C.); ECF No. 45-2 at 478, 481–82, 483 (Martin Estrada, the U.S. Attorney for the Central District of California, testified he offered to support Mr. Weiss if he chose to bring charges in California). In truth, the transcripts have no bearing on this FOIA case except, perhaps, insofar as their disclosure further undermines the characterizations Plaintiffs have made in this litigation to argue the search in this FOIA case was legally infirm.

*Fourth*, most of Plaintiffs' exhibits are outside the scope of the Court's March 11, 2024 order. The Court allowed the parties to introduce supplemental "affidavits and/or transcripts." Minute Order (Mar. 11, 2024). The word "transcripts" was almost certainly a reference to the transcripts that, Defendant had argued, were missing from the 2023 Staff Report. *See* Def. Reply & Opp'n 11–12 & n.6. The Court had addressed that issue at length with Plaintiff's counsel at the March 11 hearing—in particular, the absence of the Special Counsel David Weiss transcript. Accordingly, Plaintiffs should only be allowed to supplement the record with the complete transcripts of interviews that were cited in the 2023 Staff Report and relied on in Plaintiffs' motion. Yet, as demonstrated in the footnote above, Plaintiffs' submission includes scores of new exhibits that were never cited or quoted in their motion. Indeed, many of those exhibits *post-date* Plaintiffs' motion. *See, e.g.*, ECF No. 45-2 at 863–78 (transcripts of two interviews held on March 1, 2024, after briefing was completed). The Department did not understand the Court to open the door to evidence that did not even exist at the time of the Parties' briefing. If that understanding is correct, then Plaintiffs' submission is vastly overbroad.[2]

---

[2] The appearance of "Exhibit 2" (ECF No. 45-4, an October 23, 2023 interview of Scott Brady) is entirely unexplained. It was not an exhibit to the House's March 21, 2024 complaint. Plaintiffs obtained it and decided to offer it "[i]n an abundance of caution . . . again to ensure completeness." But volume is not the measure of whether they have met their burden (which they have not). And unless Plaintiffs can explain where they got this transcript, and authenticate its accuracy, it should not be considered by the Court.

4

\*     \*     \*

Even with complete transcripts in hand, Plaintiffs cannot muster "clear evidence of bad faith." *Dalal v. U.S. Dep't of Just.*, 643 F. Supp. 3d 33, 54 n.6 (D.D.C. 2022) (quoting *Physicians for Human Rights v. U.S. Dep't of Def.*, 675 F. Supp. 2d 149, 158 (D.D.C. 2009)). Subject to any response necessitated by Plaintiffs' supplemental brief, Defendant urges the Court to enter partial summary judgment for the reasons that the Court articulated at the March 11, 2024 hearing.

Dated:  April 8, 2024                                  Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ *Jason C. Lynch*
JASON C. LYNCH (D.C. Bar No. 1016319)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 514-1359
Email: Jason.Lynch@usdoj.gov

*Counsel for Defendant*