# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendant. | Case No. 1:23-cv-1854-DLF |

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Civil Rule 7(h)(1), Defendant the United States Department of Justice hereby offers a statement of material facts as to which there is no genuine dispute.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiffs' Freedom of Information Act ("FOIA") request, dated March 10, 2023, sought the following records:

> 1. All documents and communications sent or received by David Weiss or any employee of the U.S. Attorney's Office for the District of Delaware referring or relating to Special Counsel status for the investigation concerning Hunter Biden; and
>
> 2. All documents and communications between or among employees of the U.S. Attorney's Office for the District of Delaware and employees of any other U.S. Attorney's Office with venue to bring charges against Hunter Biden or his associates in that jurisdiction.

*See* 4th Decl. of Kara Cain (Aug. 23, 2024) ("Cain Decl.") ¶ 5.

2. The Department conducted a "more than adequate" search for records. *Heritage Found. v. U.S. Dep't of Just.*, 2024 WL 3291783, at *5 (D.D.C. July 3, 2024).

3. The Department processed the results of that search and made three productions to Plaintiffs. Cain Decl. ¶ 7.

4. Upon further review, the Department determined that 78 records initially withheld in full are not, in fact, responsive to Plaintiffs' FOIA request. *Id.* ¶ 10.

5. Accordingly, the Department moves for summary judgment on 155 records withheld in full and 58 records withheld in part. *Id.*

**I.   RECORDS WITHHELD IN FULL.**

6. The Department withheld 155 records in full. *Id.*

7. 153 of those records were withheld categorically under FOIA Exemption 7(A). *Id.* ¶ 37.

8. The other two records were withheld under FOIA Exemption 5. *Id.* ¶ 21.

**A.   153 Records Withheld Categorically Under FOIA Exemption 7(A).**

9. All 153 records meet the threshold requirements of Exemption 7. *Id.* ¶ 38.

1

10. The Department defined six functional categories of records that, if released, "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A); *see* Cain Decl. ¶ 39.

11. All 153 records fall into at least one of those categories. *Id.*

12. Releasing records in any of the six categories could reasonably be expected to interfere with enforcement proceedings. *Id.* ¶¶ 40–46.

13. Even if Exemption 7(A) did not categorically exempt these 153 records, many of them would be exempt (in whole or in part) under other FOIA Exemptions. *Id.* ¶¶ 11–13, 17–19, 27–28, 30–36

    **B.**    **Two Records Withheld in Full Under FOIA Exemption 5.**

14. Both records are "intra-agency memorandums or letters" within the meaning of 5 U.S.C. § 552(b)(5). *See* Cain Decl. ¶ 15.

15. Both records are predecisional and deliberative in nature. *Id.* ¶ 22.

16. It is reasonably foreseeable "that disclosure [of either record] would harm an interested protected by" Exemption 5. 5 U.S.C. § 552(a)(8)(i)(I). *See* Cain Decl. ¶ 23.

17. No portion of either record could reasonably be segregated and released. Cain Decl. ¶¶ 57–58.

**II.**    **RECORDS WITHHELD IN PART.**

18. The Department withheld 58 records in part. *Id.* ¶ 10.

19. Plaintiffs agreed not to challenge four categories of withheld material:

    a. Names of congressional staffers;

    b. Names of Delaware U.S. Attorney's Office employees junior to the Criminal Chief;

      c. Names of other Department of Justice employees who are in non-supervisory, non-public-facing roles; and

      d. Email addresses, phone numbers, or physical addresses.

*See* Joint Status Report (July 17, 2024), ECF No. 52.

20. Accordingly, there are 25 unique[1] withholdings on which the Department moves for summary judgment.

    **A.**     **22 Withholdings Under FOIA Exemption 5.**

21. 22 of the 25 withholdings were withheld under FOIA Exemption 5, and specifically the deliberative-process privilege. Cain Decl. ¶ 21.

22. All 22 withholdings are of material that is predecisional and deliberative. *Id.* ¶ 25.

23. It is reasonably foreseeable that releasing any of the 22 withholdings would harm an interested protected by Exemption 5, and specifically the deliberative-process privilege. *Id.* ¶ 26.

24. No portion of the 22 withholdings could reasonably be segregated and released. *Id.* ¶¶ 57–58.

    **B.**     **Two Withholdings Under FOIA Exemption 7(A).**

25. Two of the 25 withholdings were withheld under Exemption 7(A). *Id.* ¶ 48.

26. Both records meet the threshold requirements of Exemption 7. *Id.* ¶ 49.

27. Releasing either redacted portion could reasonably be expected to interfere with law enforcement proceedings. *Id.* ¶¶ 50–51.

28. It is thus reasonably foreseeable that releasing either withholding would harm interests protected by Exemption 7(A). *Id.*

---

[1] Some of these withholdings appear more than once in the partially-withheld records, hence the "unique" descriptor.

29. No portion of either redacted passage could reasonably be segregated and released. *Id.* ¶¶ 57–58.

    **C.**    **Two Withholdings Under FOIA Exemption 7(E).**

30. Two withholdings were withheld under Exemption 7(E). *Id.* ¶ 52 & Ex. 4 (*Vaughn* Index) at 8, 17.

31. The two relevant records meet the threshold requirements of Exemption 7. *Id.* ¶ 53.

32. Releasing either withheld passage would reveal law enforcement techniques or procedures. *Id.* ¶¶ 54–55.

33. It is reasonably foreseeable that releasing either withheld passage would harm interests protected by Exemption 7(E). *Id.*

34. Neither withheld passage could reasonably be segregated and released. *Id.* ¶¶ 57–58.

Dated:  August 23, 2024              Respectfully submitted,

                                                      BRIAN M. BOYNTON
                                                      Principal Deputy Assistant Attorney General

                                                      ELIZABETH J. SHAPIRO
                                                     Deputy Branch Director

                                                      */s/ Jason C. Lynch*
                                                     JASON C. LYNCH (D.C. Bar No. 1016319)
                                                     Trial Attorney
                                                     Federal Programs Branch
                                                     U.S. Department of Justice, Civil Division
                                                     1100 L Street, NW
                                                     Washington, DC 20005
                                                     Telephone: (202) 514-1359
                                                     Email: Jason.Lynch@usdoj.gov

                                                     *Counsel for Defendant*