IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION, *et al.*,<br><br>             Plaintiffs,<br>     v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>             Defendant. | Case No. 1:23-cv-1854-DLF |

**DEFENDANT'S COMBINED REPLY MEMORANDUM AND OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

Defendant the U.S. Department of Justice hereby submits this combined reply memorandum in support of its motion for summary judgment on the validity of its withholdings, ECF No. 54 ("Def. Mem.") and opposition to Plaintiff's cross motion for summary judgment, ECF Nos. 58 ("Pls. Mem.").

## TABLE OF CONTENTS

**INTRODUCTION** ............................................................................................................................. 1

**ARGUMENT** .................................................................................................................................... 3

    **I.** T**HE** D**EPARTMENT'S** D**ECLARANT** I**S** C**OMPETENT TO** I**NVOKE** FOIA E**XEMPTIONS** 5 **AND** 7(A). ................................................................................................................... 3

    **II.** T**HE** "A**DMINISTRATIVE** R**ECORDS**" C**ATEGORY** I**S** A**PPROPRIATE** U**NDER THE** D.C. C**IRCUIT'S** C**ATEGORICAL** A**PPROACH TO** FOIA E**XEMPTION** 7(A). ........................... 5

    **III.** T**HE** D**EPARTMENT IS** N**OT** R**EQUIRED TO** J**USTIFY** C**OMPREHENSIVELY** I**TS** A**LTERNATIVE** B**ASES** F**OR** W**ITHHOLDING** C**ATEGORICALLY** E**XEMPT** R**ECORDS.** ... 9

    **IV.** T**HE** D**EPARTMENT** P**ROPERLY** W**ITHHELD** T**WO** R**ECORDS** I**N** P**ART** U**NDER** FOIA E**XEMPTION** 7(A). ........................................................................................................ 9

**CONCLUSION** ............................................................................................................................. 10

**INTRODUCTION**

Plaintiffs submitted a Freedom of Information Act ("FOIA") request for records that would, by definition, reveal sensitive aspects of an ongoing criminal investigation. It should have come as no surprise to Plaintiffs, therefore, that many responsive records would be withheld under FOIA Exemption 7(A), which shields "law enforcement records" whose release "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Accordingly, the Department lawfully withheld 153 records in full under FOIA Exemption 7(A). *See* Def. Mot. 5–10. Another two records were withheld in full under FOIA Exemption 5, and parts of 58 other records were withheld under various other exemptions. The Department justified every withholding, full or partial, with a comprehensive declaration and *Vaughn* index from an attorney-advisor at the Executive Office for United States Attorneys ("EOUSA"), the Department component to which Plaintiffs' request was assigned. *See* 4th Declaration of Kara Cain (Aug. 23, 2024), ECF No. 54-2 ("4th Cain Decl."); Ex. 4, *Vaughn* Index (Aug. 23, 2024), ECF No. 54-3 ("*Vaughn* Index").

Nevertheless, Plaintiffs offer four arguments why the Department is not entitled to summary judgment on its withholdings. None of those arguments persuades.

*First*, Plaintiffs argue (Pls. Mem. 3–5) that Ms. Cain is not competent to carry the Department's burden with respect to FOIA Exemptions 5 and 7(A), insofar as they are meant to protect ongoing criminal proceedings conducted by the Special Counsel's Office, not by EOUSA. Plaintiffs offer no precedent in support of this notion, and they ignore the bedrock principle that the agency declarant may rely on any information provided to her in the course of her official duties, including information about a proceeding that her office is not personally handling. Thus, for example, EOUSA routinely provides declarations in litigation over FOIA requests directed to U.S. Attorney's Offices. Plaintiffs do not explain why that is meaningfully distinct, for FOIA

1

purposes, from what happened here. And of course, the criminal proceedings at issue originated in the U.S. Attorney's Office for the District of Delaware, overseen by the United States Attorney who subsequently was designated as Special Counsel to continue those proceedings.

*Second*, Plaintiffs object (*id.* at 5–11) to one of the functional categories that the Department identified as part of its categorical approach to Exemption 7(A): "Administrative Records." But that category has been accepted in a host of cases in this district, which Plaintiffs neither address nor attempt to distinguish. The subcategories accepted in those cases also substantially mirror those that the Department has offered here. In short, the Department's categorical approach is on firm precedential footing.

*Third*, Plaintiffs find fault (*id.* at 11–12) with the "alternative exemptions" that the Department claimed with respect to the 153 records withheld in full under Exemption 7(A). But those were never offered as standalone justifications for withholding. Rather, the Department was preserving and previewing the applicability of other FOIA exemptions, should Exemption 7(A) not apply.

*Fourth*, Plaintiffs challenge (*id.* at 13–14) two withholdings, under Exemption 7(A), from two emails released in part. Plaintiffs question whether these redactions *truly* protect exempt material, but they offer nothing more than speculation to contradict the Department's sworn declaration. That declaration reflects that the Department has reviewed the withheld material and concluded that its release could reasonably be expected to interfere with law-enforcement proceedings. That cannot be overcome by Plaintiffs' baseless suppositions.

The Court has already granted partial summary judgment to the Department on the adequacy of its search. *See Heritage Found. v. Dep't of Just.*, -- F. Supp. 3d --, No. 23-cv-1854-DLF, 2024 WL 3291783 (D.D.C. July 3, 2024). The Court should now enter final judgment in the Department's favor and close this case.

**ARGUMENT**

I.     **THE DEPARTMENT'S DECLARANT IS COMPETENT TO INVOKE FOIA EXEMPTIONS 5 AND 7(A).**

Plaintiffs argue that, because FOIA Exemptions 5 (in these circumstances) and 7(A) both address potential harm to ongoing law-enforcement proceedings, only the office with proximate responsibility over those proceedings—here, the Special Counsel's Office—can attest to the prospect of such harm. Pls. Mem. 3–5. That is incorrect.

Ms. Cain's competence is established, first and foremost, by her four declarations in this case—in which she describes serving as an Attorney-Advisor with the EOUSA FOIA staff since 2019. She has consistently affirmed that her statements are based on personal knowledge, information she acquired during the course of her official duties, information contained in the records, and information supplied to her by other Department employees. *E.g.*, Decl. of Kara Cain ¶ 2 (July 10, 2023), ECF No. 10-1. That is sufficient to establish the competency of a FOIA declarant in any case, *see infra*, and this Court has already relied on multiple declarations from this very declarant in this very litigation. *See Heritage Found. v. Dep't of Just.*, -- F. Supp. 3d --, No. 23-cv-1854-DLF, 2024 WL 3291783, at *1 & n.1 (D.D.C. July 3, 2024).

Plaintiffs overlook a fundamental maxim of FOIA litigation: agency declarants need not have firsthand knowledge of the facts on which they rely. *See Hall & Assocs. v. U.S. Env't Prot. Agency*, 633 F. Supp. 3d 35, 57 (D.D.C. 2022) (collecting cases). Instead, they may rely on "information acquired through the performance of [their] official duties." *Ecological Rts. Found. v. U.S. Env't Prot. Agency*, 541 F. Supp. 3d 34, 47 (D.D.C. 2021) (collecting cases). That is precisely how Ms. Cain described the basis of her information here. *See* 4th Cain Decl. ¶ 4 ("The statements contained in this Declaration are based upon my personal knowledge, including my experience as an Attorney-Advisor and information provided to me by knowledgeable persons in the course of performing my official duties.").

Plaintiffs cite no case to the contrary. *See* Pls. Mem. 3–5. Nor do they cite any case holding that a FOIA declarant assigned to *one* component of the Department of Justice cannot gather information (through her official duties) and predict harm to law-enforcement proceedings being supervised most closely by *another* component. *See id.* In short, Plaintiffs have no authority for their argument. And that argument, if accepted, would unravel EOUSA's longstanding practice of providing FOIA declarations for U.S. Attorney's Offices around the country. *See, e.g.*, *Corley v. Dep't of Just.*, 998 F.3d 981, 983–84 (D.C. Cir. 2021) (citing EOUSA declaration). As to any investigation being conducted by one of those Offices, one might say that "the question of interference [for Exemption 7(A) purposes] goes to *that* Office." Pls. Mem. 4 (emphasis in original). Yet Plaintiffs do not appear to dispute that, in a case involving any of those offices, an EOUSA declarant suffices.

Plaintiffs fail to distinguish the Special Counsel's Office in that respect. Instead, Plaintiffs merely urge that the Special Counsel's Office is "independent." Pls. Mem. 4. But again, they do not explain why that distinguishes that Office—for FOIA purposes—from any other prosecuting component of the Department. In other words, they do not explain why an EOUSA declarant could not consult employees of a Special Counsel's Office—just as she would employees of a U.S. Attorney's office—and then author a declaration accordingly.[1] Contrary to Plaintiffs' insinuation,

---

[1] Plaintiffs suggest that the EOUSA must be (but has not been) "authorized" by the Special Counsel's Office (SCO) to process FOIA requests on its behalf. *See* Pls. Mem. 4. Plaintiffs cite no statute or regulation requiring such authorization, and the Department is aware of none. Furthermore, the FOIA request here relates to an investigation that began in the U.S. Attorney's Office for the District of Delaware and was subsequently assigned to the Special Counsel's Office.

Plaintiffs' arguments nevertheless assume, without foundation, that employees of the Special Counsel's Office were not among those consulted by Ms. Cain. *E.g.*, Pls. Mem. 4 ("EOUSA has no warrant or ability to make that determination; that is for the Special Counsel's Office."). These "unsupported assertions neither demonstrate [Plaintiffs'] entitlement to summary judgment nor defeat the defendant's representations." *Petrucelli v. Dep't of Just.*, 106 F. Supp. 3d 129, 136 (D.D.C. 2015). To remove any doubt, and to confirm the most obvious reading of Ms. Cain's declaration: personnel from the Special Counsel's Office were among those consulted by Ms. Cain in the drafting of her declaration.

there is nothing suspect about the fact that "*EOUSA* has determined that releasing [certain records] could interfere with law enforcement proceedings," Pls. Mem. 4 (quoting 4th Cain Decl. ¶ 50) (emphasis added by Plaintiffs). That determination was made based on a record-by-record review, 4th Cain Decl. ¶¶ 38–40, and (in part) on information provided to Ms. Cain "by knowledgeable persons in the course of performing [her] official duties," *id.* ¶ 4. That is consistent with FOIA caselaw and more than enough to award summary judgment.

\*   \*   \*

Plaintiffs did not object when Ms. Cain signed the declaration supporting the Department's search, even after Mr. Weiss has been appointed Special Counsel, and the Court did not hesitate to enter partial summary judgment based on that declaration. This newfound complaint about Ms. Cain's competency—with no legal authority to support it—should be rejected.

**II.   THE "ADMINISTRATIVE RECORDS" CATEGORY IS APPROPRIATE UNDER THE D.C. CIRCUIT'S CATEGORICAL APPROACH TO FOIA EXEMPTION 7(A).**

Plaintiffs challenge the Department's withholdings of "administrative records" under Exemption 7(A). Pls. Mem. 5–8. But Plaintiffs never address the numerous cases in this district that have accepted "administrative" as a functional category under FOIA Exemption 7(A). *See* Def. Mem. 7 (citing *Dillon v. Dep't of Just.*, 102 F. Supp. 3d 272, 291 (D.D.C. 2015) (accepting, as a "general category[y]" under Exemption 7(A), "Administrative Materials"); *Shapiro v. Dep't of Just.*, No. 12-CV-313-BAH, 2020 WL 3615511, at \*17 (D.D.C. July 2, 2020) (accepting, as one of two broad categories, "Administrative Materials").[2] Unwilling to address this precedent, and

---

[2] Many other courts in this district have accepted "administrative records" or "administrative materials" as categories under Exemption 7(A). *See Farahi v. Fed. Bureau of Investigation*, 643 F. Supp. 3d 158, 172–73 (D.D.C. 2022); *Manning v. U.S. Dep't of Just.*, 234 F. Supp. 3d 26, 36–37 (D.D.C. 2017); *Tipograph v. Dep't of Just.*, 83 F. Supp. 3d 234, 239–40 (D.D.C. 2015); *Kidder v. Fed. Bureau of Investigation*, 517 F. Supp. 2d 17, 30–31 (D.D.C. 2007); *Cucci v. Drug Enf't Admin.*, 871 F. Supp. 508, 511–12 (D.D.C. 1994); *Jud. Watch, Inc. v. Cent. Intel. Agency*, No. 17-CV-397-TSC, 2019 WL 4750245, at \*\*7–8 (D.D.C. Sept. 29, 2019).

lacking any authority rejecting "administrative records" or "administrative materials" as a functional category under FOIA Exemption 7(A), Plaintiffs press on.

Plaintiffs argue that the Department failed to *define* "administrative records." Pls. Mem. 5–6. But the Department broke that category down into three subcategories, complete with descriptions of each:

> 2. Administrative Records
>
> a. Records that discuss **logistical coordination**, including among U.S. Attorneys' Offices or Department components, regarding staffing support; office space; access to information-technology platforms; etc.
>
> b. Records that discuss **formal or legal coordination**, such as potential partnering between U.S. Attorneys' Offices and related issues, including any necessary paperwork.
>
> c. Records pertaining to the current or potential **case team composition**, including which agents, prosecutors, or other Department employees might participate (and in what capacity(ies)) in the proceedings.

4th Cain Decl. ¶ 39. Ms. Cain explained, *id.* ¶¶ 44–46, that each record fell within one of these subcategories, which accord with those accepted in the cases cited above.[3]

Unable to muster any FOIA precedent rejecting such subcategories, Plaintiffs pivot to arguing that the Department is somehow shielding non-exempt records under the "Administrative Records" category. That argument suffers from a host of defects.[4] First and foremost, Plaintiffs merely *assume* that the records they seek exist, and that they're being withheld under the "Administrative" category. *See* Pls. Mem. 7 (records regarding "allocation [of authority] *appears*

---

[3] The court in *Dillon*, for example, accepted subcategories of "Administrative Materials" including (1) "miscellaneous administrative documents such as storage envelopes, transmittal forms, and standardized forms"; and (2) "administrative instructions." 102 F. Supp. 3d 272, 291–92. The court in *Shapiro* accepted subcategories of "Administrative Materials" including (1) "reporting communications"; (2) "miscellaneous administrative documents"; and (3) "administrative instructions." 2020 WL 3615511, at *17.

[4] It also includes truly incomprehensible arguments, such as: "Allocation of authority . . . is a core Madisonian tenet of [*sic*] Department." Pls. Mem. 7 (citing nothing).

6

*to be implicated* in the withheld "administrative records") (emphasis added). Mere speculation is not enough to defeat a motion for summary judgment. *Petrucelli*, 106 F. Supp. 3d at 136.

Second, Plaintiffs posit that *if* such records exist, the Department could not withhold them under Exemption 7(A). *See* Pls. Mem. 7 ("[W]ithout an extraordinary showing, the allocation of authority within the Department cannot be withheld under Exemption 7(A)."). It is not clear whence Plaintiffs derive this "extraordinary showing" requirement; it does not come from FOIA or from any precedent of which the Department is aware. Nor, for that matter, is any "public interest" in these records relevant to the instant motions. Pls. Mem. 7. Unlike other exemptions, Exemption 7(A) does not call for an interest-balancing test; it applies so long as disclosure "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A); *compare, e.g., id.* §§ 552(b)(6), 552(b)(7)(C).

Third, Plaintiffs' argument that Mr. Weiss' authority "is not a law enforcement matter," Pls. Mem. 7, is wrong but beside the point. The relevant questions, for purposes of applying Exemption 7(A) categorically, are: (1) whether every *record* was compiled for law-enforcement purposes; and (2) whether every *record* fits within one of the agency's functional categories; and (3) whether releasing each category of *records* could reasonably be expected to interfere with enforcement proceedings. *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 746 F.3d 1082, 1098–99 (D.C. Cir. 2014). The Department has discharged its duty in all three respects. *See* 4th Cain Decl. ¶¶ 38, 39, 41–46.

Fourth, Plaintiffs suggest that records concerning the "allocation" of Mr. Weiss's authority might be "segregable" from the other records withheld under Exemption 7(A). Pls. Mem. 8 ("[T]he issue of allocation of authority standing alone is easily segregable from traditional investigative materials that may be covered by Exemption 7(A)."). But no segregability analysis is required under the categorical approach to Exemption 7(A). *See Frank LLP v. Consumer Fin. Prot. Bureau*,

7

480 F. Supp. 3d 87, 105 (D.D.C. 2020) (citing *Ferranti v. Bureau of Alcohol, Tobacco & Firearms*, 177 F. Supp. 2d 41, 47 (D.D.C. 2001)). Indeed, the whole point of the categorical approach is that the agency does not have to address each record individually.

Fifth, Plaintiffs argue that the Department has impermissibly invoked a "blanket exemption" over responsive records. Pls. Mem. 8–9. That cannot be squared with the history of this case, in which the Department released 162 pages of records in full and 135 pages of records in part. 4th Cain Decl. ¶ 7. The Department also determined, upon further review, that 78 records initially withheld were not, in fact, responsive. *Id.* ¶ 10. And the Department reviewed *every* record withheld in full to confirm that it fell within a functional category under Exemption 7(A). *Id.* None of that would have been necessary if the Department were asking for a blanket exemption.

Finally, Plaintiffs argue that the Department "ignores much of what is already known to the public." Pls. Mem. 10. But the "information" cited by Plaintiffs is not information at all; it is merely a string cite to 2,500 pages of documents—mostly transcribed interviews—none of which Plaintiffs have bothered to sift through for supporting evidence. *See id.*[5] Instead, they seem to think that the Department must review those thousands of pages and then explain preemptively why none of them undermines the Department's categorical approach. Unsurprisingly, Plaintiffs cite no case imposing such a burden on an agency in this posture. And the only cited document that the Court has addressed before—the House Interim Staff Report (ECF No. 45 at 469-547)—has already been found to contain material misrepresentations. *See Heritage Found.*, -- F. Supp. 3d. at --, 2024 WL 3291783, at *9. Particularly given Plaintiffs' unwillingness to do the real work of *analyzing* this supposed "record," it is not a basis on which to grant summary judgment to Plaintiffs.

---

[5] As noted in its enclosed Response to Plaintiffs' Statement of Undisputed Material Facts, Plaintiffs have neither attached those interviews as exhibits to their motion nor cited any portion of them in their statement of undisputed material facts.

8

### III. THE DEPARTMENT IS NOT REQUIRED TO JUSTIFY COMPREHENSIVELY ITS ALTERNATIVE BASES FOR WITHHOLDING CATEGORICALLY EXEMPT RECORDS.

The Department adopted a categorical approach to 153 records, withholding them in full under FOIA Exemption 7(A). *See* Def. Mem. 5–10. If the Court accepts the Department's functional categories, and its explanations of how disclosure of each category of records could interfere with law-enforcement proceedings, that is enough to uphold those withholdings. But out of an abundance of caution, and to avoid waiving any applicable exemption, the Department also explained that many of the 153 records withheld categorically are also withheld—in whole or in part—under some combination of FOIA Exemptions 3, 5, 6, 7(C), and 7(F). *See id.* at 10–12.

Plaintiffs assail those justifications as if they were meant to be independently sufficient. Pls. Mem. 11–12. For example, Plaintiffs criticize the Department's failure to specify which records would be covered by Exemption 3. *Id.* But the Department was merely previewing that, if Exemption 7(A) did not shield all 153 records categorically, then *some* portion of those records would be covered by Exemption 3—specifically, because they contain grand-jury information. If the Department had to make a full-fledged case as to why each alternative exemption applied, complete with specific references to every part of every applicable record, then the categorical approach to Exemption 7(A) would be rendered meaningless.

### IV. THE DEPARTMENT PROPERLY WITHHELD TWO RECORDS IN PART UNDER FOIA EXEMPTION 7(A).

Plaintiffs challenge two withholdings in part under Exemption 7(A). *See* Pls. Mem. 13–14 (citing Def.'s *Vaughn* Index at 8, 17, ECF No. 54-3 at 154, 163). Specifically, Plaintiffs challenge an email sent by Mr. Weiss to himself and an email between another U.S. Attorney's Office and the U.S. Attorney's Office in Delaware.

Both withholdings were appropriate. With respect to the email that Mr. Weiss sent himself, the Department explained that disclosing that email "could interfere with law-enforcement proceedings by revealing Mr. Weiss' thought process—specifically, what information he thought

9

important enough to send himself on a particular date." 4th Cain Decl. ¶ 50. Plaintiffs emphasize the word "could," as if that is some shameful caveat (Pls. Mem. 13), but that is the statutory standard. *See* 5 U.S.C. § 552(b)(7)(A) (exempting law-enforcement records whose disclosure "could reasonably be expected to interfere with enforcement proceedings"). With respect to the email sent by another U.S. Attorney's Office, the Department explained that disclosing it would "interfere in proceedings by revealing the thought process of certain members of the investigation team as it pertained to news coverage of the matter." 4th Cain Decl. ¶ 51.

Plaintiffs' argument against the validity of both withholdings is expressed succinctly and candidly in two of Plaintiffs' final sentences: "It may. But it may not." Pls. Mem. 14. That is not an argument worthy of granting summary judgment for Plaintiffs. For starters, it concedes that the Department's rationale is plausible and undisputed. Furthermore, Plaintiffs do not explain how the Department could sate Plaintiffs' desire for more information without revealing the withheld information itself—which would, of course, defeat the purpose of FOIA's exemptions.

At bottom, the Department is not resting on "impermissible generalities." Pls. Mem. 14. The two withholdings at issue compose only a few lines of information in total. The Department reviewed all of that information and concluded that revealing it could reasonably be expected to interfere with law-enforcement proceedings. 4th Cain Decl. ¶¶ 50, 51. Consistent with its obligations under FOIA, the Department provided as much illumination on its *Vaughn* index as possible without revealing the withheld information itself. Plaintiffs' supposition that the withholdings "may not" be valid (Pls. Mem. 14) does not make it so. The Department is entitled to summary judgment on these withholdings.

## CONCLUSION

For the foregoing reasons, Plaintiffs should grant Defendant's motion for summary judgment and deny Plaintiffs' cross motion for summary judgment.

Dated: October 4, 2024                 Respectfully submitted,

                                       BRIAN M. BOYNTON
                                       Principal Deputy Assistant Attorney General

                                       ELIZABETH J. SHAPIRO
                                       Deputy Branch Director

                                       /s/ *Jason C. Lynch*
                                       JASON C. LYNCH (D.C. Bar No. 1016319)
                                       Trial Attorney
                                       Federal Programs Branch
                                       U.S. Department of Justice, Civil Division
                                       1100 L Street, NW
                                       Washington, DC 20005
                                       Telephone: (202) 514-1359
                                       Email: Jason.Lynch@usdoj.gov

                                       *Counsel for Defendant*